REGAN, Judge.
Plaintiff, Board of Trustees of the Louisiana Assessors’ Retirement Fund, represented herein by its President, Jesse L. Webb, instituted this suit endeavoring to secure, in conformity with the provisions of LSA-R.S. 13:4231-46, a declaratory judgment against defendant, George Montgomery, State Tax Collector for the City of New Orleans ordering him to comply with the mandate of Act 91 of 1950 LSA-R.S. 47:1913 et seq., which “created an ‘Assessors’ Retirement Fund” for all parishes of the State of Louisiana” and paragraph 1 of LSA-R.S. 47:1915 which reads: “Each sheriff and ex-officio tax collector in the State of Louisiana is hereby authorized and required to deduct one-fourth of one per cent of the aggregate amount of taxes shown to be collected by the tax rolls of each respective parish, which money each respective sheriff shall remit to the Assessors’ Retirement Fund periodically at the same time said sheriff disburses funds to the tax recipient bodies of his respective parish. The first deductions authorized hereunder shall begin with collections from the 1950 tax roll, and annually thereafter.”
Plaintiff further alleged that defendant has set aside the sum of $17,719.85 from his tax collections for 1950, pending disposition of this suit, which sum represents “one-fourth of one percent of the aggregate amount of taxes shown to be collected by the tax rolls” of the Parish of Orleans; that defendant requested an opinion from the Attorney General of the State of Louisiana relative to the applicability of the Act to him and, on November 28th, 1950, the Attorney General’s Office replied that the defendant did not fall within the purview of the act; that this opinion was recalled and a subsequent opinion was rendered on December 12, 1950, by the Office of the Attorney General, advising defendant that the act was applicable to him, however, the defendant believed that his rights were not finally determined by this opinion and that a declaratory judgment would terminate his existing uncertainty.
Defendant answered and admitted all of the allegations of plaintiff’s petition.
From a judgment in favor of plaintiff as prayed for defendant prosecutes this appeal.
The only question posed for our consideration is whether the provisions of Act 91 of 1950, LSA-R.S. 47:1913 et seq., are applicable to defendant.
It appears that the uncertainty relative to the applicability of this act to the defendant arose because of the following language used in the first opinion of the Attorney General, dated November 28th, 1950: “Since you are not a ‘Sheriff and Ex-Officio Tax Collector’ and the Revised Statutes, Title 47, Section 2051 et sequor, which designates the Tax Collectors, makes a clear distinction between ‘Sheriff and Ex-Officio Tax Collector’ and ‘one State Tax Collector for the City of New Orleans’, it is the opinion of this office that Act 91 does not require or authorize you to make a deduction from the aggregate amount of taxes collected and turn it over to the Assessors’ Retirement Fund. This distinction between ‘Ex-Officio Tax Collector’ and ‘The Tax Collector for the City of New Orleans’ appears throughout our tax statutes.”
LSA-R.S. 47:2051 provides that “the sheriffs of the several parishes of the state, the parish of Orleans excepted, shall be ex- *60 officio collectors of state and parish taxes. There shall be one state tax collector for the city of New Orleans * * *
However, the second paragraph of this section provides “The tax collectors shall be the collectors of all parish and district taxes and shall have the same power to enforce the collection of parish taxes as to enforce the collection of state taxes.” (Emphasis ours.)
It will, therefore, be observed that in the first paragraph the distinction, if any, is merely in the verbal title of the respective officers, however, the second paragraph creates no distinction in the real objective function of “sheriffs and ex-officio tax collectors” and “one state tax collector for the city of New Orleans”, insofar as the collection o>f taxes is concerned. The phrase “sheriff and ex-officio tax collector” simply means that the sheriff, by virtue of holding that office, is the tax collector. Therefore, in the final analysis, there is no fundamental distinction between the functions of either office, we reiterate, insofar as the collection of taxes is concerned.
LSA-R.S. Title 47, Section 1913 provides that “There is hereby created an ‘Assessors’ Retirement Fund’ for all parishes of the State of Louisiana, [rfc.]” (Emphasis ours.) Obviously the Parish of Orleans (the City of New Orleans and the Parish of Orleans are co-extensive and geographically the same) is one of the parishes of the State of Louisiana, and is, therefore, encompassed by the all inclusive terminology of the act. While it is true that Section 1914 refers to “sheriff and ex-officio tax collector”, we have observed hereinabove that this is only a verbal distinction without any real difference in the function of either office, and it is our opinion that the Legislature fully intended to embrace within the terms of, the act the State Tax Collector for the City of New Orleans, although we concede, without equivocation, that it could have conveyed this intention more eloquently through the medium of a better combination of words. If the Legislature had not intended to encompass the tax collector for the City of New Orleans within the provisions of the act, it would have excluded or excepted him in ■ so many words; instead LSA-R.S. 47:1913 specifically includes him by virtue of employing the following all inclusive language “There is hereby created an ‘Assessors’ Retirement Fund’ for all parishes of the State of Louisiana”, a fortiori, the State Tax Collector for the City of New Orleans is required to comply with the mandate of LSA-R.S. 47:1915.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.